# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MONICA BYRNE,**

    **Plaintiff,**

    v.                                                                         Case No. 19-CV-1058

**AURORA HEALTH CARE INC.,**

    **Defendant.**

## DECISION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Monica Byrne, who is representing herself, brings this employment discrimination lawsuit alleging that her former employer, Aurora Health Care, Inc., discriminated against her in violation of Americans with Disabilities Act ("ADA"), and for cessation of health care benefits in violation of Wis. Stat. § 109.075. Aurora now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Byrne's ADA claim is barred by the statute of limitations and that Byrne has failed to state a claim under Wis. Stat. § 109.075. For the following reasons, Aurora's motion to dismiss is granted.

## BACKGROUND

On April 21, 2014, Byrne began working for Aurora as an Inpatient Pharmacy Technician. (Def.'s Mem. Ex. C, Docket # 4-3 at 3.) She underwent emergency gallbladder removal surgery on March 24, 2015. Post-surgery, Byrne suffered from debilitating pain, irritable bowel syndrome, and neuropathy. Due to her medical conditions, in November 2015, Byrne began an extended leave of absence from her job at Aurora. (*See* Pl.'s Br. Ex. B,

Docket # 10-1 at 5–9.) On February 8, 2017, Byrne was approved to return to work under several restrictions. (Pl.'s Br. Ex. C, Docket # 10-1 at 10–11.) However, Aurora did not permit Byrne to return to work, and on March 21, 2017, it terminated her employment. (Def.'s Mem. Ex. C, Docket # 4-3 at 3.)

On February 9, 2018, Byrne filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Aurora discriminated against her on the basis of her disability. (Def.'s Mem. Ex. A, Docket # 4-1.) The EEOC dismissed the Charge as untimely and issued Byrne a right-to-sue notice on March 22, 2019. (Def.'s Mem. Ex. B, Docket # 4-2.)

On June 19, 2019, Byrne filed suit against Aurora in Waukesha County Circuit Court. (*See* Notice of Removal Ex. A, Docket # 1-2.) Byrne alleges that Aurora violated the ADA by refusing her doctor's note, denying her time off for medical appointments, harassing her for having a medical emergency, refusing to abide by her doctor's work restrictions, and terminating her employment. (*Id.* at 4–9.) She further alleges that Aurora denied her medical services and treatment in violation of Wis. Stat. § 109.75. (*Id.* at 6.) On July 24, 2019, Aurora removed the action to federal court (Notice of Removal, Docket # 1), and moved to dismiss Byrne's complaint (Def.'s Mot., Docket # 3.)

## MOTION TO DISMISS STANDARD

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint on the basis that the plaintiff has failed to state a claim upon which relief can be granted. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is

plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true" while separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679. All factual allegations and any reasonable inferences must be construed in the light most favorable to the nonmoving party. *Price v. Bd. of Educ. of City of Chicago*, 755 F.3d 605, 607 (7th Cir. 2014).

## ANALYSIS

Aurora Health Care moves to dismiss Byrne's ADA claim as time-barred and her state claim for failure to state a claim. I will address each in turn.

*1. ADA Claim*

The ADA incorporates the timeliness requirements from Title VII. In order to bring a lawsuit under the ADA in federal court, a Wisconsin plaintiff must file a charge of discrimination with the EEOC or the state Equal Rights Division within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e). However, the timely filing of an administrative charge is not a jurisdictional requirement, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982), and the 300-day statute of limitations is subject to a number of tolling mechanisms, including the discovery rule and the doctrines of equitable tolling and equitable estoppel, *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990).

"'[T]he discovery rule functions to delay the initial running of the statutory limitations period, but only until the plaintiff has discovered or, by exercising reasonable diligence, should have discovered (1) that he or she has been injured, and (2) that this injury has been caused by another party's conduct.'" *Weinandt v. Kraft Pizza Co.*, 217 F. Supp. 2d 923, 927 (E.D. Wis. 2002) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1386 (3d Cir. 1994)). Equitable tolling "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information bearing on the existence of his claim" prior to the expiry of the statute of limitations. *Cada*, 920 F.2d at 451 (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946); *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986)). Finally, the doctrine of equitable estoppel, sometimes called fraudulent concealment, "'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time,' . . . such as by hiding evidence or promising not to plead the statute of limitations." *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) (quoting

*Cada*, 920 F.2d at 450). If it is shown that the employer engaged in such conduct, the plaintiff is granted a fresh 300 days to file an EEOC charge after he uncovers the hidden information. *See Thelen*, 64 F.3d at 268.

In this case, it is undisputed that Byrne was terminated on March 21, 2017, and thus had until January 15, 2018, to file a charge with the EEOC. However, Byrne did not file her complaint with the EEOC until February 9, 2018, 325 days after her termination. Consequently, Byrne's ADA claim is untimely.

Byrne concedes that she did not fax her charge to the EEOC until February 9, 2018, but makes two main arguments as to why her untimeliness should be excused. First, she argues that she originally filed five complaints against Aurora "with the ADA" back on December 9, 2017, and that the ADA and the EEOC share complaints to avoid duplication and promote efficiency. (Pl.'s Br. at 1–2.) It is unclear as to where Byrne filed her complaint on December 9, 2017. But even accepting that Byrne filed her complaints with the "ADA," the EEOC's Dismissal and Notice of Rights states clearly that Byrne's charge "was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." (Def.'s Mem. Ex. B.) Thus, filing with the ADA does not excuse timely filing with the EEOC.

Next, Byrne argues that "the EEOC investigates all complaints, including ongoing harassment, even if the 300 day timeframe has surpassed." (Pl.'s Br. at 1.) Specifically, Byrne submits that Aurora has only acknowledged her vesting funds complaint as timely and that not acknowledging her other complaints constitutes on-going harassment that renders her ADA claim timely. (*Id.* at 1–2.) Liberally construed, Byrne seems to invoke the continuing violation doctrine, which "allows a plaintiff to get relief for a time-barred act by linking it with

5

an act that is within the limitations period." *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). However, Aurora's alleged post-termination harassment cannot trigger the continuing violation doctrine. "Once an employment relationship is severed permanently due to discharge, any continuing violation terminates as to that individual employee." *Coleman v. Clark Oil & Refining Co., Div. of Apex Acquisition, Inc.*, 568 F. Supp. 1035, 1040 (E.D. Wis. 1983) (citing *United Air Lines v. Evans*, 431 U.S. 553 (1977)).

In sum, because Byrne's charge with the EEOC was filed after the 300-day period, her ADA claim is untimely. Additionally, the record does not support that Byrne's untimeliness meets any of the tolling exceptions. Thus, Aurora's motion to dismiss Byrne's ADA claim for untimeliness is granted.

 2. *State Claim*

With the ADA claim dismissed, only Byrne's cessation of health care benefits claim under Wis. Stat. 109.075 remains. I will follow the general rule by relinquishing jurisdiction over the supplemental state law claim. *See Redwood v. Dobson*, 476 F.3d 462, 467 (7th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)) ("A court that resolves all federal claims before trial normally should dismiss supplemental claims without prejudice."). Thus, Byrne's state law claim is dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Aurora's motion to dismiss (Docket # 3), is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2019.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge